IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHARLES EDWARD BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:20-CV-81-ECM |
| | ) | [WO] |
| LEE PADGETT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

### I. INTRODUCTION

Plaintiff Charles Brown, an inmate incarcerated at the Henry County Jail in Abbeville, Alabama, brings this *pro se* 42 U.S.C. § 1983 action against Henry County Jail employees Lee Padgett, Becky Floyd, and Gracie Nolin. He alleges a violation of the attorney-client privilege and violations of the jail's grievance procedures. Brown requests trial by jury and asks for change to be effected within "this rogue administration [or] a travesty of justice is surely forthcoming." Doc. 1 at 2–4.

Upon review, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

### II. STANDARD OF REVIEW

Because Brown is proceeding *in forma pauperis*, the court reviews his complaint under 28 U.S.C. § 1915(e)(2)(B).[2] Under § 1915(e)(2)(B), a court must dismiss a complaint proceeding *in*

---

[1] The court granted Brown's request for leave to proceed *in forma pauperis.* Doc. 3. A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

[2] The predecessor to this section is 28 U.S.C. § 1915(d). Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim

*forma pauperis* if it determines that an action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. A claim is frivolous when it "has little or no chance of success" – that is, when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A claim is frivolous if it "lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, among other things, the defendants are immune from suit, *id*. at 327, the claim seeks to enforce a right that clearly does not exist, *id*., or there is an affirmative defense that would defeat the claim, such as the statute of limitations, *Clark v. Georgia Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990). Courts are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.

A complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A review on this ground is governed by the same standards as dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.

---

analysis contained in *Neitzke v. Williams*, 490 U.S. 319 (1989), was unaltered. *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001); *Brown v. Bargery*, 207 F.3d 863, 866 n.4 (6th Cir. 2000). However, dismissal under § 1915(e)(2)(B) is now mandatory. *Bilal*, 251 F.3d at 1348-49.

662, 678 (2009) (internal quotation marks omitted). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations should present a "'plain statement' possess[ing] enough heft to 'show that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,  557 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. When a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones*, 549 U.S. at 215.

*Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).  However, they "must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555. And a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662 (2009). While the court treats factual allegations as true, it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal*, 566 U.S. at 681. Finally, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

### III. DISCUSSION

#### A.    Attorney-Client Privilege

According to the plaintiff, Brown's attorney came to the Henry County Jail on January 7, 2020, where she met with Brown in a booking/intake room. Approximately twenty minutes after the meeting began, a jailer inquired about feeding an inmate in the holding cell next to the one

occupied by Brown and his attorney. Brown contends that neither he nor his attorney was aware that there was an individual in the cell adjacent to theirs and he says that no one knows what the other inmate heard. Brown alleges, however, that he knows "you cannot unhear what's been heard." Doc. 1 at 3.

Brown's allegation that his constitutional rights were violated because another inmate may have overheard him speaking with his attorney entitles him to no relief. There is no federal constitutional provision or guarantee establishing an attorney-client communication privilege. Rather, the scope of the attorney-client privilege, standing alone, is a function of the rules of evidence, not federal constitutional law. *Bradt v. Smith*, 634 F.2d 796, 800 (5th Cir. 1981) (citations omitted) (holding that in the context of a civil action in state court, "the attorney-client privilege constitutes an evidentiary privilege that is secured by state law, and not by the Constitution or laws of the United States. As a creature of state law, the attorney-client privilege cannot be asserted as a basis for recovery under § 1983.").[3] *See also Howell v. Trammell*, 728 F.3d 1202, 1222 (10th Cir. 2013) (citations omitted) (explaining that "standing alone, the attorney-client privilege is merely a rule of evidence; it has not yet been held a constitutional right."); *Dye v. Hofbauer*, 197 F. App'x. 378, 383 (6th Cir. 2006) (observing that "the attorney-client privilege is a creation of the common law, and a violation of this privilege generally does not constitute" a constitutional violation.). While some case law suggests that a right to attorney-client privilege arises when possible Fifth or Sixth Amendment violations also are at issue, *see Toles v. Oklahoma Dep't of Corr.*, 2017 WL 1957286, at *4 (W.D. Okla. Mar. 28, 2017) (quoting *Howell*, 728 F.3d at 1222), even construing Brown's claims liberally, his complaint does not allege a violation of his

---

[3] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 & 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

right against self-incrimination, nor does he state a claim of violation of his Sixth Amendment right to counsel. "[T]he Sixth Amendment guarantees a criminal defendant the right to assistance of counsel" for his defense. *Strickland v. Washington,* 466 U.S. 668, 686 (1984). "A violation of the attorney-client privilege implicates the Sixth Amendment right to counsel only . . . when the government interferes with the relationship between a criminal defendant and his attorney." *Partington v. Gedan*, 961 F.2d 852, 863 (9th Cir. 1992). Without "at least a realistic possibility of injury to [the defendant] or benefit to the State, there can be no Sixth Amendment violation." *Weatherford v. Bursey* 429 U.S. 545, 558 (1977). *See also United States v. Cronic*, 466 U.S. 648, 658 (1984) (holding that "[a]bsent some effect of challenged conduct on the reliability of the trial process, the Sixth Amendment guarantee is generally not implicated"). In light of the foregoing, Brown's allegation regarding a violation of the attorney-client privilege fails to state a claim for relief and is, therefore, due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

## B.    The Grievance System

Brown has filed several grievances while in the Henry County Jail. He complains that his requests for the names and rank of jail officials in the chain of command for addressing grievances have gone unanswered, and that his grievances are in fact never answered but only returned with a notation that the grievance has been forwarded or received.  Brown also alleges that Defendant Floyd fails to return his request forms, which he needs for pending litigation. Defendants' conduct, Brown claims, violates his due process rights. Doc. 1 at 3.

An essential element of a §1983 action is that the conduct complained of deprived a plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Under the Due Process Clause of the Fourteenth Amendment, no state "shall . . . deprive any person of life, liberty, or property, without due process

of law." U.S. Const. amend XIV, § 1; *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). "While a violation of a state or federally created liberty interest can amount to a violation of the Constitution, not every violation of state or federal law or state or federally mandated procedures is a violation of the Constitution." *Buckley v. Barlow*, 997 F.2d 494 (8th Cir. 1993) (citation omitted); *Shango v. Jurich*, 681 F.2d 1091, 1100 (7th Cir. 1982).

In the context of a county jail setting, "an inmate grievance procedure is not constitutionally required." *Spencer v. Moore*, 638 F. Supp. 315 (E.D. Mo. 1986) (citations omitted). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." *Buckley*, 997 F.2d at 495 (quotation marks and citation omitted); *Bingham v. Thomas*, 654 F.3d 1171, 1177–78 (11th Cir. 2011) (affirming trial court's dismissal, under 28 U.S.C. § 1915A, of inmate's challenge to adequacy of prison's grievance procedures finding "a prison grievance procedure does not provide an inmate with a constitutionally protected interest"); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (holding that "the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state"); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (per curiam) (holding that federal prison administrative remedy procedures "do not in and of themselves create a liberty interest in access to that procedure," and that "the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance"); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (holding "[t]here is no legitimate claim of entitlement to a grievance procedure"); *see also Doe v. Moore*, 410 F.3d 1337, 1350 (11th Cir. 2005) (quotation marks omitted) (finding "[s]tate-created

procedural rights that do not guarantee a particular substantive outcome are not protected by the Fourteenth Amendment, even where such procedural rights are mandatory.").

Here, the fact that Defendants or other jail administrators may have failed to respond to Brown's requests for information regarding the grievance process or otherwise violated jail administrative procedures, standing alone, provides no basis for relief under § 1983. *See Bingham*, 654 F.3d at 1177–78. And, although 42 U.S.C. §1997e(a) requires an inmate to exhaust his available administrative remedies prior to filing suit under § 1983, "[t]he failure [of officials] to adopt or adhere to an administrative grievance procedure shall not constitute the basis for filing an action under [the sections] of this title." 42 U.S.C.§ 1997e(b). *See Lamb v. Gunderson*, 2008 WL 4724818, at *1 (S.D. Ga. Oct. 24, 2008) (finding "[t]he only upshot of any failure to respond to [the inmate-plaintiff's] grievances is that such a failure could bar Defendants from relying on 42 U.S.C. § 1997e(a), which mandates that a prisoner must exhaust any available administrative remedies before filing a § 1983 claim with respect to his conditions of confinement.").

Based on the foregoing, Brown's allegations against Defendants for their alleged misconduct or violations regarding the jail's grievance procedure fails to state a claim on which relief may be granted. *Neitzke*, 490 U.S. at 327. This claim is therefore subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

### VI. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED prior to service under 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further

ORDERED that **on or before April 6, 2020**, Plaintiff may file an objection to the Recommendation. Plaintiff must specifically identify the factual findings and legal conclusions in

the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered by the District Court.  This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of a party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this the 20th day of March, 2020.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge